UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS R. MCPEEK,<br><br>                Petitioner,<br><br>vs.<br><br>SOUTH DAKOTA BOARD OF PARDONS AND PAROLES and ALEJANDRO REYES, Warden at Mike Durfee State Prison,<br><br>                Respondents. | 4:25-CV-04015-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING § 2241 MOTION WITHOUT AN EVIDENTIARY HEARING |

      Petitioner, Travis McPeek, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Docket 1. McPeek alleges that respondents, South Dakota Board of Pardons and Paroles and Alejandro Reyes, violated his rights under the United States Constitution's Ex Post Facto Clause, Eighth Amendment, and Fourteenth Amendment. *See id.* at 6-8. Respondents moved to dismiss McPeek's petition without holding an evidentiary hearing. Docket 7; *see* Docket 8. McPeek, acting pro se, resists that motion. Docket 12.

      The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designates to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. Magistrate Judge Veronica Duffy issued a report recommending the court grant respondents' motion to dismiss without holding an evidentiary hearing. Docket 15. After the court granted McPeek's motion to extend the

deadline to object to the magistrate judge's report and recommendation, Docket 16, McPeek timely filed his objections, Docket 18. Respondents did not object to the report and recommendation. The court issues the following order.

## BACKGROUND

Magistrate Judge Duffy's Report and Recommendation contains a complete discussion of the factual and procedural background of this case. Docket 15 at 2-12. Similarly, the Report and Recommendation thoroughly analyzes McPeek's claims for relief set forth in his § 2241 motion. Because McPeek does not object to the factual or procedural history of the case, the court does not recount it here and adopts the facts as presented in the Report and Recommendation. *See id.*

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994). Magistrate Judge Duffy provided a full, complete, and well-analyzed Report and Recommendation. Because McPeek is proceeding pro se in this matter, the

court liberally construes McPeek's objections and addresses each in turn. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

I. **Objection 1: whether McPeek's motion for a certificate of probable cause was timely**

In her report, the magistrate judge stated that "Mr. McPeek speculates—without any proof—that his motion for a certificate of probable cause . . . *was* received by [the South Dakota Supreme Court] before November 12, 2024, but that the court 'simply held onto it and didn't file it until the day after [the deadline].'" Docket 15 at 26 (quoting Docket 13 at 7). The magistrate judge continued, stating "[a]lthough Mr. McPeek asserts that the 'prisons legal mail log system' supports his claim that he mailed the motion on November 6, he provides no documents from the 'prison legal mail log system' in support of that assertion. Instead, [McPeek] provides only his unsworn response to the supreme court's order to show cause." *Id.* at 27. McPeek objects and explains that he can prove that he mailed the motion to the South Dakota Supreme Court on November 6, 2024, and points to an affidavit in the record indicating as much. Docket 18 at 2; *see* Docket 8-5 at 11. McPeek also attached to his objections a kite returned from Department of Corrections' staff indicating that the motion was placed in the prison mail system on November 6, 2024. *See* Docket 18-1.

Even accepting McPeek's assertion as true—that he mailed the motion for a certificate of probable cause on November 6, 2024—his objection overlooks the fact that the magistrate judge considered McPeek's affidavit when analyzing whether the claims in McPeek's federal habeas petition were

3

procedurally defaulted. The magistrate judge noted that, even considering that McPeek placed his motion in the prison mail system on November 6, 2024, "South Dakota does not apply the prison mailbox rule to motions for certificate of probable cause nor does the court allow extra time for mailing." Docket 15 at 27 (citation omitted). After careful review, this court finds that the magistrate judge's conclusion—that claims 1, 3, and 4 in McPeek's federal habeas petition are procedurally defaulted—is accurate, and her analysis is well-reasoned. *See* Docket 15 at 22-29. Indeed, South Dakota does not follow the prison mailbox rule. *See Abdulrazzak v. Bd. of Pardons and Paroles*, 940 N.W.2d 672, 677 (S.D. 2020).

Because McPeek's objection does not alter the magistrate judge's ultimate recommendation that claims 1, 3, and 4 in his federal habeas petition are procedurally defaulted and therefore should be dismissed, McPeek's objection is overruled.[1]

## II.     Objection 2: whether McPeek's due process claim fails on the merits

McPeek next objects to the portion of the magistrate judge's report that recommends dismissing McPeek's due process claim on the merits. *See* Docket 18 at 3-4. McPeek states that dismissal of his due process claim based on the

---

[1] In his objections, McPeek also complains "that South Dakota does not apply the prison mailbox rule the same as federal rules[, which] contradicts federal law[.]" Docket 18 at 2. The court declines to construe this as a Supremacy Clause argument, because McPeek did not make a Supremacy Clause claim in his federal habeas petition in the first instance. *See* Docket 1; *see also Bracken v. Dormire*, 247 F.3d 699, 702 (8th Cir. 2001) ("[W]e will not consider issues or grounds for relief that were not alleged in a prisoner's habeas petition.") (internal quotation marks omitted).

4

South Dakota Supreme Court's "ruling in *Reck* would basically allow the state to enforce a vague law any way [it] please[s] whether or not it violates a U.S. citizens['] federal constitutional rights or federal case precedent." *Id.* at 3 (emphasis added). While discussing SDCL §§ 24-15A-16 and 24-15A-32, McPeek explains that "nothing [in those statutes] specifically states non-violent felonies can be combined on the violent portion of the [parole eligibility] grid." *Id.* at 3-4.

McPeek objects to Magistrate Judge Duffy's conclusion that his Due Process Clause rights were not violated. Docket 18 at 3-4. Magistrate Judge Duffy thoughtfully considered and rejected this argument based on the South Dakota Supreme Court's decision in *Reck v. South Dakota Bd. of Pardons and Paroles*, 932 N.W.2d 135 (S.D. 2019). Because the South Dakota circuit court's decision[2]—holding that the Board correctly calculated McPeek's parole eligibility—is not contrary to or an unreasonable application of United States Supreme Court precedent, McPeek's due process claim fails on the merits. *See* Docket 15 at 34-38. As such, McPeek is not entitled to federal habeas relief and his objection is overruled.

## CERTIFICATE OF APPEALABILITY

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v.*

---

[2] As the magistrate judge noted, the state circuit court—which heard McPeek's administrative appeal of the Board's action—issued the last reasoned state court opinion addressing McPeek's due process claim. Docket 15 at 37.

*Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a [certificate of appealability] from a circuit justice or judge." *Id.* at 335-36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court finds that McPeek has failed to make a substantial showing that his constitutional rights were denied. Consequently, a certificate of appealability is denied as to all claims.

## CONCLUSION

The court accepts the findings and recommendation of Magistrate Judge Duffy in full. Thus, it is

ORDERED that Magistrate Judge Duffy's Report and Recommendation (Docket 15) is adopted in full as supplemented by this order. It is

FURTHER ORDERED that McPeek's objections to the Report and Recommendation (Docket 18) are overruled. It is

FURTHER ORDERED that respondents' motion to dismiss (Docket 7) is granted without an evidentiary hearing and that McPeek's § 2241 petition (Docket 1) is denied with prejudice. It is

FURTHER ORDERED that a certificate of appealability is denied.

Dated August 26, 2025.

                                      BY THE COURT:

                                      /s/ *Karen E. Schreier*
                                      KAREN E. SCHREIER
                                      UNITED STATES DISTRICT JUDGE